```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - :
LAMONT MIKELL,                      :    15 Civ. 7273 (LTS) (JCF)
                                    :
                Plaintiff,          :        REPORT AND
                                    :       RECOMMENDATION
     - against -                    :
                                    :
THE CUTTING EDGE ELITE INC. and     :
JEREMY WALDON,                      :
                                    :
                Defendants.         :
- - - - - - - - - - - - - - - - - - :
```

TO THE HONORABLE LAURA TAYLOR SWAIN, U.S.D.J.:

The plaintiff, Lamont Mikell, brings this Title VII action against The Cutting Edge Elite, Inc. ("Cutting Edge") and Jeremy Waldon. The plaintiff has moved to amend the complaint to add Luis Mendieta and Nathan Perry as defendants. The defendants oppose the motion and have moved to dismiss the complaint as against Jeremy Waldon. For the reasons stated herein, I recommend that the plaintiff's motion be denied and the defendants' motion be granted.

Background

The following facts, contained in the complaint, are taken as true. Until May 30, 2015, the plaintiff worked part-time for Cutting Edge, which is a catering staffing company that provides employees for hospitality events. (Complaint for Employment Discrimination ("Compl.") at 3). However, Cutting Edge, through its employee Jeremy Waldon, stopped sending the plaintiff

1

assignments "due to [him] not being a transsexual and not apart [sic] of the gay community."  (Compl. at 3).

The plaintiff filed the complaint on September 15, 2015, and the defendants answered on June 24, 2016.  On July 1, 2016, the plaintiff filed a letter motion, seeking to add Luis Mendieta and Nathan Perry as defendants.  (Letter of Lamont Mikell dated July 1, 2016 ("Pl. Letter")).  Mr. Mendieta is allegedly the owner of Cutting Edge, and Mr. Perry the co-founder.  (Pl. Letter).  The defendants filed a letter brief in opposition on July 15, 2015, which included a cross-motion to dismiss the complaint as against Jeremey Waldon.  (Letter of Christopher R. Neff dated July 15, 2016 ("Def. Letter") at 2).

Discussion

    A.   Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court's charge in ruling on a 12(b)(6) motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd., 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008) (quoting Eternity Global

2

Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004)).  The court must construe the complaint in the light most favorable to the plaintiff, "taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor."  Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).  This standard applies equally to pro se plaintiffs, although such pleadings are read more liberally and construed as raising the strongest claims implied.  Teichmann v. New York, 769 F.3d 821, 825 (2d Cir. 2014).

    The defendants move to dismiss the complaint only as against Jeremy Waldon, arguing that he cannot be liable under Title VII since he is an individual.  (Def. Letter at 2).  "It is well established that 'employers, not individuals, are liable under Title VII.'"  Carris v. First Student, Inc., 132 F. Supp. 3d 321, 365 (S.D.N.Y. 2015) (quoting Reynolds v. Barrett, 685 F.3d 193, 202 (2d Cir. 2012)); accord, Raspardo v. Carlone, 770 F.3d 97, 113 (2d Cir. 2014) ("Title VII . . . does not create liability in individual supervisors and co-workers who are not the plaintiffs' actual employers . . . ."); Patterson v. County of Oneida, New York, 375 F.3d 206, 221 (2d Cir. 2004); Christiansen v. Omnicom Group, Inc., No. 15 Civ. 3440, 2016 WL 951581, at *12 (S.D.N.Y. March 9, 2016).  Cutting Edge was the plaintiff's employer.  (Compl. at 2).  Since Mr. Waldon is an individual employee and is

3

thus not individually liable under Title VII, I recommend that the complaint be dismissed as against him.

    B.    <u>Motion to Amend</u>

Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); <u>see also</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Aetna Casualty & Surety Co. v. Aniero Concrete Co.</u>, 404 F.3d 566, 603-04 (2d Cir. 2005). "This permissive standard is consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits.'" <u>Williams v. Citigroup Inc.</u>, 659 F.3d 208, 212-13 (2d Cir. 2011) (quoting <u>State of New York v. Green</u>, 420 F.3d 99, 104 (2d Cir. 2005)). However, a motion to amend may be denied for any of the following reasons: (1) undue prejudice to the non-moving party, (2) futility, (3) bad faith or dilatory motive, (4) repeated failure to cure deficiencies by previous amendments, and (5) undue delay. <u>Burch v. Pioneer Credit Recovery, Inc.</u>, 551 F.3d 122, 126 (2d Cir. 2008) (citing <u>Foman</u>, 371 U.S. at 182; <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007). The party opposing amendment bears the burden of establishing that amendment would be inappropriate. <u>Allison v. Clos-ette Too, L.L.C.</u>, No. 14 Civ. 1618, 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015); <u>Ferring B.V. v. Allergan, Inc.</u>, 4 F. Supp. 3d 612, 618 (S.D.N.Y. 2014).

4

The court has broad discretion over motions to amend.  See McCarthy, 482 F.3d at 200.

"[A]n amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  Dougherty v. Town of North Hempstead Board of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002); accord AEP Energy Services Gas Holding Co. v. Bank of America, N.A., 626 F.3d 699, 726 (2d Cir. 2010).  The appropriate legal standard is whether the amended pleading states a claim upon which relief can be granted, and the court should accept all facts pled as true and construe them in the light most favorable to the plaintiff.  See Panther Partners Inc. v. Ikanos Communications, Inc., 681 F.3d 114, 119 (2d Cir. 2012); Alexander Interactive, Inc. v. Adorama, Inc., No. 12 Civ. 6608, 2014 WL 113728, at *4 (S.D.N.Y. Jan. 13, 2014).

Mr. Mendieta is purportedly the principal owner of the company, and Mr. Lucas is the co-founder.  (Pl. Letter).  However, both are individuals, and the employer of the plaintiff was Cutting Edge.  (Compl. at 2).  Thus, Mr. Mendieta and Mr. Lucas cannot be held liable under Title VII.  See, e.g., Raspardo, 770 F.3d at 113; Carris, 132 F. Supp. 3d at 365.  Therefore, I recommend denying the plaintiff's motion to amend.

Conclusion

For the foregoing reasons, I recommend that the plaintiff's motion be denied and the defendants' motion be granted.  Pursuant

to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of Court, with extra copies delivered to the chambers of the Honorable Laura Taylor Swain, Room 1320, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         September 28, 2016

Copies transmitted this date to:

Lamont Mikell
170-12 130th Avenue
Apt 2G
Jamaica, NY 11434

Chaim B. Book
Moskowitz & Book, LLP
345 Seventh Ave
21st Floor
New York, NY 10001